DAVID T. CHASE *versus* JACOB B. FLAGG *& al.*

A discharge under the insolvent laws of another State is no defence in the Courts of this State to an action upon a note indorsed before it was due, and before the proceedings in insolvency were commenced, to the plaintiff then and ever since a resident in this State, although the note was made and payable in that State, and both the original parties to it resided there.

ON REPORT from DAVIS, J., presiding.

ASSUMPSIT upon three promissory notes, signed by the defendants, two payable to their own order and indorsed in blank by them, and the other payable to H. S. Lawrence, or order, and indorsed in blank by him.

The defendants introduced their discharge in insolvency under the laws of Massachusetts, upon proceedings commenced subsequently to the giving of all the notes in suit.

It appeared that the notes were all made in Roxbury, Massachusetts, and were so dated, and the two which were payable to the order of the defendants were payable in Boston; that the defendants and Lawrence, to whom all the notes

were given, then resided in Massachusetts and have continued to do so; that Lawrence transferred these notes to the plaintiff, then and ever since a resident of Maine, for a valuable consideration, before they were due, and before the proceedings in insolvency were commenced.

*Shepley & Dana,* for plaintiff.

A discharge under the insolvent laws of the State where the contract was made, will not operate as a discharge of any contracts, except such as are made between citizens of the same State; and the maker of a note, by giving it a negotiable character, contracts with whomsoever may be the legal indorsee *at the time it becomes payable,* and such indorsee, not being a citizen of the State where the discharge is granted, and having obtained a title to the note before an application for the benefit of the insolvent law, is not affected by the discharge. *Ogden* v. *Saunders,* 12 Wheat., 213; *Braynard* v. *Marshall,* 8 Pick., 194; *Savage* v. *Marsh,* 10 Met., 594; *Baker* v. *Wheaton,* 5 Mass., 509; *Banchor* v. *Fisk,* 33 Maine, 316.

*E. & F. Fox,* for defendants.

The discharge is a bar to this action. The cases of *Burrall* v. *Rice,* 5 Gray, 539, *Capen* v. *Johnson,* 5 Gray, 539, (note) and *Scribner* v. *Fisher,* 2 Gray, 43, are directly in point.

The discharge which is granted is entire and complete, a discharge of the *debt* itself, and not merely of the remedy. 2 Kent's Com., 478, n.; *Janine* v. *Smith,* 1 M. & W., 121. Such a discharge was sustained in *Very* v. *McHenry,* 29 Maine, 206.

By the Court.—According to the case of *Felch* v. *Bugbee, ante* page 9, the plaintiff is entitled to judgment for the amount of the three notes in suit.